**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-1904

_____

AMY L. WINDISH,

Appellant

v.

3M COMPANY

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:23-cv-01531)
District Judge: Honorable Wendy Beetlestone

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on February 21, 2025

Before: CHAGARES, *Chief Judge*, BIBAS and FISHER, *Circuit Judges*

(Filed: February 21, 2025)

_____

OPINION*

_____

---

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

BIBAS, *Circuit Judge*.

District courts enjoy broad discretion to manage unruly parties. When Amy Windish failed to produce relevant materials in discovery, the District Court eventually sanctioned her by dismissing her case with prejudice. Because that ultimate sanction was reasonable, we will affirm.

Windish's employer required employees to take the COVID vaccine. Though she sought a religious exemption, the employer denied her request. It fired her when she refused to get the shot. So she sued under federal and state law, alleging that it had failed to accommodate her sincere religious belief.

Discovery disputes abounded. Because Windish alleged that she "does not take medicine," the employer sought her medical records to confirm her assertion. App. 9 ¶ 23. But she dragged her feet. The employer also asked for some of her emails, text messages, and social-media posts. She refused, denying that they were relevant and insisting that the employer was "trying to launch an inquisition into [her] religious beliefs." App. 704. The District Court ordered her to turn over some of those documents.

For months, Windish kept resisting. Eventually, fed up with her discovery antics, the employer moved to dismiss with prejudice. The court did so.

Dismissing a claim with prejudice is a "drastic" sanction to be used only in the most extreme cases. *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 867–68 (3d Cir. 1984). We trust district courts to use this tool judiciously. So when a district court imposes this discovery sanction, we review only for abuse of discretion. *Id.* at 868.

2

After analyzing the *Poulis* factors, the District Court properly chose to impose this sanction. As it found, Windish was personally responsible for the discovery problems; she ignored court orders willfully and repeatedly; she consistently delayed the case; she prejudiced the employer by impeding its defense; and lesser sanctions would not suffice. She does not meaningfully challenge the court's weighing of these factors, and we agree that it weighed them reasonably.

Windish also claims that the dismissal violated several of her constitutional rights. Not so. We review de novo. *Garcia v. Att'y Gen.*, 665 F.3d 496, 502 (3d Cir. 2011).

To start, dismissal did not violate the First Amendment. To claim religious discrimination under Title VII, a plaintiff must prove "a sincere religious belief that conflicts with a job requirement." *Webb v. City of Philadelphia*, 562 F.3d 256, 259 (3d Cir. 2009). The discovery materials were relevant to showing whether her beliefs were sincere and based on religion. Fed. R. Civ. P. 26(b)(1) (allowing discovery of materials "relevant to any party's claim"); *see Fallon v. Mercy Cath. Med. Ctr. of Se. Pa.*, 877 F.3d 487, 490–93 (3d Cir. 2017) (noting that courts must consider whether "certain formal and external signs" support the claim of a sincere religious belief).

Though courts must probe sincerity, they "have no business addressing whether the religious belief asserted … is reasonable." *Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 724 (2014) (parentheses omitted). We trust district courts to focus on sincerity, not reasonableness. But we have no such concerns here.

Windish's due-process claim fails too. The District Court satisfied due process by giving the parties fair warning, analyzing their arguments, and imposing a tough-but-reasonable sanction. *DiGregorio v. First Rediscount Corp.*, 506 F.2d 781, 789 (3d Cir. 1974).

And dismissal did not violate her right to a jury trial. The Seventh Amendment does not guarantee that Windish's case will make it all the way to trial. *See, e.g.*, *In re TMI Litig.*, 193 F.3d 613, 725 (3d Cir. 1999).

Finally, Windish asserts that discovery violated her right to privacy. But she forfeited this issue by not raising it below. In any event, Windish could have preserved her privacy by seeking a protective order. *See* Fed. R. Civ. P. 26(c)(1).

In short, Windish personally, repeatedly, and willfully refused to comply with valid discovery requests, thus prejudicing her employer. In response, the District Court properly exercised its discretion to dismiss her case with prejudice, so we will affirm.